# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### NORTHERN DIVISION AT COVINGTON
### CIVIL ACTION NO. 10-201-DLB-JGW

SHEILA TOWNSEND,                                                    **PLAINTIFF**

v.

DOLLAR RENTAL, et al.,                                             **DEFENDANTS**

## REPORT & RECOMMENDATION

Plaintiff Sheila Townsend filed, through counsel, a complaint together with a motion to proceed *in forma pauperis* in the United States District Court for the Southern District of Ohio. On September 17, 2010, the presiding magistrate judge in that district transferred the case to the Eastern District of Kentucky for all further proceedings, based upon the lack of proper venue in Ohio. Pursuant to local practice, the motion to proceed *in forma pauperis* has been referred to the undersigned magistrate judge. I now recommend that the motion be denied.

Plaintiff's complaint alleges that she fell and sustained injuries in September of 2008, due to the negligent conduct of the defendants in failing to maintain its sidewalk and premises in good condition. Because plaintiff seeks damages in excess of $100,000 and plaintiff and defendants are residents of different states, the court assumes at this stage of proceedings that plaintiff relies upon this court's general diversity jurisdiction.[1]

---

[1]The complaint is silent as to the basis for jurisdiction in this court. The complaint is also silent as to the basis for the negligence claim, although again, the undersigned presumes at this stage that the claim is based upon state law. In general, Kentucky law provides for a one-year statute of limitations for personal injuries based on negligence. *See generally* KRS 413.140.

**Motion For Leave to Proceed In Forma Pauperis**

Since plaintiff originally filed suit in the Western Division of the Southern District of Ohio, she has not completed the four-page E.D. Ky. Form 519 that this court requires non-prisoner plaintiffs to complete prior to consideration of any motion seeking *in forma pauperis* status. Nevertheless, the application completed in the Southern District of Ohio is sufficient for this court to conclude that plaintiff's motion should be denied.

The district court has discretion to grant or deny an application to proceed *in forma pauperis*. *See Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988). Denial of Townsend's motion to proceed *in forma pauperis* is recommended because she appears to have sufficient assets at her disposal to pay the $350 filing fee. Plaintiff's motion reflects that she was gainfully employed through the end of February of this year, earning $2,804 per month. Although she apparently is no longer employed, the record reflects that she has received at least some unemployment income. More importantly, the record reflects that she has $3,000.00 in the bank, and has no creditors.

In *Ibrahim v. Food Lion, Inc.*, 149 F.3d 1183, 1998 WL 381326 (6th Cir. June 26, 1998) (table), the Sixth Circuit affirmed this Court's denial of a *pro se*, non-prisoner's motion to proceed on appeal *in forma pauperis* under 28 U.S.C. §1915. In *Ibrahim*, the plaintiff earned on the average $6,580.00 per year (at $165.00 per week); had $400.00 in a bank account, and had an automobile valued at less than $4,000.00. *Id*. at *3. The Sixth Circuit concluded because Ibrahim had sufficient income with which to pay the appellate filing fee, this Court did not abuse its discretion in denying his motion to proceed *in forma pauperis* on appeal. *Id*. Applying the *Ibrahim* analysis to the current motion to proceed *in forma*

*pauperi*s, Townsend clearly has sufficient funds at her disposal with which to pay the $350.00 filing fee.

Plaintiff provides no reason why she cannot use funds available to her in her bank account(s) to pay the $350.00 filing fee. *See Brogue v. Fort Knox Fed. Credit Union*, No. 96-1896, 114 F.3d 1186, 1997 WL 242032, at *1 (6th Cir. May 8, 1997) (table) (affirming district court's denial of plaintiff's motions to proceed *in forma pauperis* where he alleged in a conclusory manner that he had only limited access to funds, and failed to explain his limited access or inability to obtain the required filing fees from either his income or his bank accounts). Plaintiff has retained counsel,[2] and lists no creditors. Even though retained counsel may not be required to advance a filing fee on behalf of an indigent client, *see Adkins v. W.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948), the facts presented on the record demonstrate that plaintiff has sufficient funds of her own with which to pay the requisite fee.

**Merits**.

Pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and (ii), a district court reviewing a complaint in which the plaintiff seeks to proceed *in forma pauperis* may dismiss the complaint as frivolous if it fails to state a claim upon which relief can be granted. Such initial review is not limited to complaints filed by prisoners. As referenced in footnote 1 of this R&R, plaintiff's complaint is facially deficient in that it: 1) fails to state the basis for this court's jurisdiction; and 2) fails to state the legal basis of the "negligence" claim. Assuming

---

[2]On September 20, 2010, plaintiff's counsel was advised that he must either seek admission in this court or file a motion to proceed *pro hac vice*. Counsel has yet to do either, although his time for doing so will not expire until October 20, 2010.

however that these deficiencies would be remedied by invoking this court's diversity jurisdiction and by relying upon state law, plaintiff's complaint would nevertheless appear to be barred based upon Kentucky's one-year statute of limitations.

Accordingly, it is **RECOMMENDED THAT** plaintiff's motion to proceed *in forma pauperis* (Doc. 1) be **denied**, and that plaintiff be required to pay the filing fee within thirty (30) days if the district judge adopts this report and recommendation. Alternatively, **IT IS RECOMMENDED** that plaintiff's complaint be dismissed on the merits.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 14th day of October, 2010.

Signed By:

*J. Gregory Wehrman*

United States Magistrate Judge