UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 10-201-DLB

SHEILA TOWNSEND                                                                                          PLAINTIFF

vs.                          **MEMORANDUM ORDER AND JUDGMENT**

DOLLAR RENTAL, ET AL.                                                                                DEFENDANTS

* * * * * * * * * * * * * * * *

On September 15, 2010, Plaintiff Sheila Townsend, represented by counsel, filed her Complaint (Doc. # 6) and a motion to proceed *in forma pauperis* (Doc. # 1) in the United States District Court for the Southern District of Ohio. The action was transferred to this Court on September 17, 2010, for ruling on the motion to proceed *in forma pauperis* and for all further proceedings on the basis of improper venue. (Doc. # 2). This matter is now before the Court on the Report and Recommendation (R&R) of the United States Magistrate Judge. (Doc. # 9). The R&R recommends that Plaintiff's motion to proceed *in forma pauperis* be denied, or in the alternative, Plaintiff's Complaint be dismissed in its entirety as time-barred. The R&R was entered of record on October 14, 2010, and therein notified Plaintiff that she had fourteen days within which to file objections. Plaintiff's time to file objections having now expired, this matter is ripe for review.

Consistent with the reasoning set forth in the Magistrate Judge's R&R, Plaintiff has failed to demonstrate an inability to pay the filing fee. Plaintiff has retained counsel in this action, has sufficient funds in her existing bank account to pay the requisite fee, and

1

further, lists no creditors to whom she is indebted. The record is simply devoid of any reasons why Plaintiff is unable to pay the court's filing fee.

Moreover, Plaintiff's Complaint must be dismissed as frivolous pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2)(B). A district court shall dismiss a complaint in which the plaintiff seeks to proceed *in forma pauperis*, if, at any time, it determines the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (instructing district courts to screen complaints when filed by a non-prisoner proceeding *in forma pauperis* and to dismiss those that fail under the requirements of § 1915(e)(2)). "Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)" if filed in conjunction with a request seeking pauper status. In re *Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997); *Fowler v. Littell*, 198 F.3d 245, at *1 (6th Cir. 1999) (unpublished) (district court's denial of pauper status and dismissal of complaint affirmed).

An action is frivolous "where it lacks an arguable basis either in fact or in law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Sixth Circuit has made clear that claims falling outside the applicable statute of limitations are frivolous and should be dismissed where 28 U.S.C. § 1915 is applicable. *Dellis v. Corrections Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2002); *see also Ashiegbu v. Kim*, 145 F.3d 1329 (6th Cir. 1998) (unpublished) (A claim that is time-barred by the statute of limitations lacks an arguable or rational basis in law or fact and can be dismissed as frivolous); *Moore v. McDonald*, 30 F.3d 616, 620 (5 th Cir. 1994) ("District courts may dismiss claims ... where it is clear from the face of the

2

complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations.") (internal quotations omitted).

Here, Plaintiff's personal injury claim is barred because it was filed outside Kentucky's one-year statute of limitations. Plaintiff filed a negligence action in the United States District Court for the Southern District of Ohio on the basis of diversity jurisdiction after she slipped and fell on September 19, 2008, while returning a rental car on the premises of the Dollar Rental at Greater Cincinnati & Kentucky Airport located in Boone County, Kentucky. (Doc. # 6, ¶¶ 4-5). Plaintiff commenced her action on September 15, 2010, just barely within Ohio's two-year statute of limitations for bodily injury. *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009) (citing Ohio Rev. Code § 2305.10). The case was transferred to this Court to cure a defect in venue: the events giving rise to the action occurred in Kentucky and Defendants reside in Kentucky and Oklahoma, not Ohio. (Doc. # 2); *See* 28 U.S.C. § 1391(a).

While the state law of the transferor court generally applies when a case is transferred for purposes of convenience pursuant to 28 U.S.C. § 1404(a), the Sixth Circuit has held that the state law of the *transferee* court is applicable when an action is transferred pursuant to 28 U.S.C. § 1406(a), which generally applies to those actions brought in an impermissible forum. *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980) ("[T]he choice of law should depend upon the motive for the transfer, that is whether the transfer was pursuant to 28 U.S.C. s 1404(a) or 1406(a)."). Transfer pursuant to § 1406(a), the *Martin* court concluded, was appropriate:

> for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought. That defect may be either *improper venue* or lack of personal jurisdiction. This construction of Section 1406(a)

> necessarily limits the application of Section 1404(a) to the transfer of actions commenced in a district court where both personal jurisdiction and venue are proper.

623 F.2d at 474 (emphasis added). This rule properly disallows plaintiffs from filing an action in any federal court simply to obtain the most advantageous state law "regardless of whether that district court [is] a proper forum." *Id.* at 472. In other words, application of the transferee court's rule of law prevents a plaintiff from forum-shopping. Magistrate Judge Timothy Hogan transferred this action on the basis of improper venue. (Doc. # 2). Accordingly, the state law of the *transferee* court, Kentucky, is applicable. Kentucky's general statute of limitations for personal injury provides:

> The following actions shall be commenced within (1) year after the cause of action occurred:
>
> (a) An action for an injury to the person of the plaintiff....

K.R.S. § 413.140.

Plaintiff's personal injury action accrued on September 19, 2008 when she was injured; however, Plaintiff did not file suit until September 15, 2010, well outside Kentucky's one-year limitations period. Thus, Plaintiff's personal injury action based on Defendant's negligence is barred by the applicable statute of limitations. *See T-Birds, Inc. v. Thoroughbred Helicoptor Serv.*, 540 F. Supp. 548, 550 (E.D. Ky. 1982) (where action was transferred from Ohio federal district court to Kentucky federal district court to avoid an obstacle to adjudication–lack of personal jurisdiction–Kentucky's one-year statute of limitations applied to bar negligence claim). Because Plaintiff's action is time-barred, her claim is rendered frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and must be dismissed.

Accordingly, **IT IS ORDERED AND ADJUDGED** as follows:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 9) is hereby **adopted in part** as the findings of fact and conclusions of law for the reasons set forth herein;

(2) Plaintiff's Motion to Proceed *in forma pauperis* (Doc. # 1) is hereby **denied**;

(3) Plaintiff's Complaint (Doc. # 6) is frivolous and is therefore **dismissed with prejudice**, and is **stricken** from the docket of this Court.

This 18th day of November, 2010.

Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\Cov10\10-201 Order Adopting R&R in part.wpd